Rules Governing § 2255 Proceedings, Forms, 28 U.S.C.A. foll. § 2255

*Amendments received to 02-09-04*

**Forms. Model form for motions under 28 U.S.C. § 2255 and model form for use in 28 U.S.C. § 2255 cases involving a Rule 9 issue**

### MODEL FORM FOR MOTIONS UNDER > 28 U.S.C. § 2255

Name  DANE H. YOUNG                  Prison Number  24661-038
Place of Confinement  CCA/McRae 1000 A Jim Hammock Drive, McRae, GA 31055
United States District Court  BOSTON       District of  MASSACHUSETTS
Case No. _____ (to be supplied by Clerk of U.S. District Court)


**United States**

v.

**DANE HARRINGTON YOUNG**
**(full name of movant)**

(If movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

### MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.
(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.
(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.
(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed in forma pauperis, in which event you must execute the declaration on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.
(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.
(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting

SECT 2255 Forms, Model form for motions under 28 U.S.C. § 2255 and model form for use in 28 U.S.C. § 2255 cases involving a Rule 9 issue                                    Page 2

such grounds for relief in the motion you file seeking relief from any judgment of conviction.
(7) When the motion is fully completed, the *original and two copies* must be mailed to the Clerk of the United States District Court whose address is _____
(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

### MOTION

1. Name and location of court which entered the judgment of conviction under attack **U.S. DISTRICT COURT BOSTON, MASS. 02210**
2. Date of judgment of conviction **February 06, 2004**
3. Length of sentence **30 Months**
4. Nature of offense involved (all counts) **Importation of Cocaine 18 U.S.C. 952 (A) 960 (B) 2 (B) Drug Forfeiture Allegation 21 U.S.C. 853.**

5. What was your plea? (Check one)
   (a) Not guilty [ ]
   (b) Guilty [X]
   (c) Nolo contendere [ ]
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (Check one)
   (a) Jury [ ]
   (b) Judge only [X]
7. Did you testify at the trial?
   Yes [ ] No [X]
8. Did you appeal from the judgment of conviction?
   Yes [ ] No [X]
9. If you did appeal, answer the following:
   (a) Name of court _____
   (b) Result _____
*19226   (c) Date of result _____
10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes [ ] No [X]
11. If your answer to 10 was "yes," give the following information:
    (a) (1) Name of court _____
        (2) Nature of proceeding _____

        (3) Grounds raised _____
        _____
        _____
        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes [ ] No [ ]
        (5) Result _____
        (6) Date of result _____
    (b) As to any second petition, application or motion give the same information:
        (1) Name of court _____
        (2) Nature of proceeding _____

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

SECT 2255 Forms, Model form for motions under 28 U.S.C. § 2255 and model form for use in 28 U.S.C. § 2255 cases involving a Rule 9 issue

Page 3

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes [ ] No [ ]
   (5) Result _____
*19227    (6) Date of result _____
 (c) As to any third petition, application or motion, give the same information:
 (1) Name of court _____
 (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes [ ] No [X]
 (d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc. Yes [ ] No [X]
    (2) Second petition, etc. Yes [ ] No [X]
    (3) Third petition, etc. Yes [ ] No [X]
 (e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____
    <u>Defendant never know of any Petion Application</u>
    <u>or Motion.</u>

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the fact supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
   CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.
For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you
*19228    should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
 (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
 (b) Conviction obtained by use of coerced confession.
 (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

SECT 2255 Forms, Model form for motions under 28 U.S.C. § 2255 and model form for use in  Page 4
28 U.S.C. § 2255 cases involving a Rule 9 issue

    (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
    (e) Conviction obtained by a violation of the privilege against self-incrimination.
    (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
    (g) Conviction obtained by a violation of the protection against double jeopardy.
    (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
    (i) Denial of effective assistance of counsel.
    (j) Denial of right of appeal.

A. Ground one: __Ineffective Assistance of Counsel__

Supporting FACTS (tell your story briefly without citing cases or law):
    See Attach Memorandum

*19229  B. Ground two: __Ineffective Assistance of counsel__

Supporting FACTS (tell your story briefly without citing cases or law):
    See Attached Memorandum

C. Ground three: _____

Supporting FACTS (tell your story briefly without citing cases or law):

D. Ground four: _____

Supporting FACTS (tell your story briefly without citing cases or law):

*19230
13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

## MEMORANDUM IN SUPPORT

### FACTS

I). FACTS FOR GROUNDS ONE (Denial of Effective Assistance of Counsel)

<u>STRICKLAND</u> sets out two (2) requirements for a ineffectiveness of counsel claim: (1) Counsel's performance was deficient and (2) The deficient performance prejudiced the defense.

Bench-mark for judging any claim of ineffectiveness of counsel must be whether counsel's conduct so undermined proper functioning of adversarial process that trial cannot be relied on as having produced a just result.

A convicted defendant's claim the counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components: **First,** defendant must show that counsel's performance was deficient, requiring showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed defendant by the Six Amendment and, **Second,** defendant must show that the deficient performance prejudiced the defense by showing that counsel's errors were so serious as to deprived defendant of a fair trial, a trial whose result is reliable.

(I) COUNSEL's PERFORMANCE WAS DEFICIENT

An appointed lawyer has the same obligation the client as retained counsel, including the obligation of loyalty and confidentiality, and is subject to the same limitations on the

-1-

client-lawyer relationship, such as the obligation to refrain from assisting the client in violation of the rules. In the case at hand, Appellant's lawyer intentionally prejudiced and damaged petitioner defense during the course of their relationship. Counsel did not represent petitioner zealously and diligently. Counsel intentionally failed to seek the lawful objectives of petitioner through reasonable available means permitted by law and the disciplinary rules. Counsel engaged in conduct that is prejudicial to the administration of justice.

Appellant contends he was denied effective assistance of counsel guaranteed him by the Six Amendment of the the United States Constitution.

**ATTORNEY FAILED TO SEEK JUDICIAL RECOMMENDATION FOR EARLY DISPOSITION PROGRAMS, AN OR ARGUES OR FILED A MOTION.**

Counsel did not advise or never mention of early disposition programs consequences of defendant conviction, and counsel failure prejudiced defendant. Further more counsel's failure to request recommendation or to advise defendant of it's availability constitutes ineffective assistance of counsel in violation of his right under the Six and Fourteenth Amendment to the United States Constitution.

(II). DEFICIENT PERFORMANCE PREJUDICED THE DEFENSE

Counsel's unprofessional errors prejudiced petitioner, in that petitioner would have had an opportunity to receive an acquittal or a lesser sentence if counsel had diligently provided

petitioner with all available defenses. "Reasonable probability" is probability sufficient to undermine competence in outcome.

Counsel (I) failed to investigate or prepare a defense, (II) failed to file the appropriate motion to seek a recommendation for early disposition programs for the sentencing court was not a strategic choice made, and defendant must overcome a heavy measure of deference to counsel's professional judgment, (III) failed to make timely and necessary objections, and (IV) failed to conduct any meaningful adversarial challenge. Petitioner was prejudiced and his Six Amendment Right to effective assistance of counsel was violated.

Appellant's counsel's performance was deficient in that counsel failed to argued for a better plea agreement for Appellant, when counsel knew that the offered plea agreement was too vague and would not provide Appellant with any meaningful reason to avoid trial.

Petitioners counsel's performance was deficient in that counsel failed to inform petitioner of all available defenses petitioner was entitled to.

Petitioner's counsel's performance was deficient in that counsel failed to negotiate any and all available departures from the sentence petitioner was facing.

Petitioner there further contended that he would not have pleaded guilty or cooperated with authorities without a recommendation for the early disposition program or fast track programs if he had known of such programs to begins with.

Petitioner's counsel's performance was deficient in that counsel's function in representing petitioner was to assist petitioner, not to let petitioner get manipulated by the prosecutor and government, and hence counsel owes client duty of loyalty, to avoid conflicts of interest, and not to provide erroneous information, causing petitioner to trust counsel, and causing petitioner to plea guilty instead of going to trial.

The sentencing proceeding may well have has a different result if the request for a judicial recommendation for the fast tract programs were made, for the request may have been granted.

Petitioner's counsel prejudiced petitioner's chances of a fair judicial process due to counsel's performance being below prevailing professional norms to such extent that defendant was denied Six Amendment Right to assistance of counsel. If counsel's performance was in the professional norm, the outcome of the case would have been much different, and petitioner never would have plead guilty.

GROUND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL.

II) SUPPORTING FACTS:

Shortly after appellant was arrested he gave a complete statement admitting the element of the offence. Appellant accepted responsibility and received a two (2) point reduction, under U.S.S.G. 3E1.1 (b). Counsel's failure to raise the issue and omission constituted ineffective assistance of counsel and prejudiced the the appellant.

Once the point reduction under 3E1.1 (b) has been awarded. The only question is timeless and completeness if the defendant admits to all the element of the offense in a timely manner, the third level reduction is mandatory under 3E1.1 (b).

The Government recommended the 2-level reduction because defendant clearly demonstrated acceptance of responsibility. However, in negotiation the agreement should have requested a complete three point reduction since the defendant had accepted responsibility for the offense and it in a complete and timely manner. United states v. Estrada-Martinez, 2001 WL 283089.

(9th Cir. March 21,2001) United States v. Blanco-Gallegos 188 F.3d 1072,1077 (9th Cir 1999). If the defendant admits to all the element of the offense in a timely manner, the third level reduction is mandatory.

In this action defendant seek a writ of error coram norbis to vacate the judgment and sentence in this case.

Failure of Counsel to advise Defendant on the "Early Disposition Programs" argue an or filed a motion in behalf of the defendant for the Disposition or Fast Track Programs.

The protect act directed the Sentencing Commission to promulgate a policy statement authorizing a down ward departure of not more that four offense levels.

Respectfully Submitted,

Dane H. Young, Pro-Se
Reg.#24661-038
McRae Correctional Facility
1000 A Jim Hammock Drive
McRae, GA 31055

-5-

SECT 2255 Forms, Model form for motions under 28 U.S.C. § 2255 and model form for use in      Page 5
28 U.S.C. § 2255 cases involving a Rule 9 issue

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes [ ] No [X]
15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing _____ N/A
                                                      N/A
    (b) At arraignment and plea _____ N/A
                                                      N/A
    (c) At trial _____ N/A
                                                      N/A
    (d) At sentencing _____ N/A
                                                      N/A
    (e) On appeal _____ N/A
                                                      N/A
    (f) In any post-conviction proceeding _____ N/A
                                                      N/A
    (g) On appeal from any adverse ruling in a post-conviction proceeding
                                                      N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes [ ] No [X]
*19231 17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes [ ] No [X]
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____
    
    (b) And give date and length of sentence to be served in the future: ____
    
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes [ ] No [X]

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

                                    Signature of Attorney
                                    (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on 11/22/04 .
    (date)

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

SECT 2255 Forms, Model form for motions under 28 U.S.C. § 2255 and model form for use in 28 U.S.C. § 2255 cases involving a Rule 9 issue                                Page 6

Signature of Movant

## IN FORMA PAUPERIS DECLARATION

U.S. DISTRICT COURT BOSTON MASS.
[Insert appropriate court]

|  |  |
|---|---|
| United States | DECLARATION IN SUPPORT |
| v. | OF REQUEST |
| DANE H. YOUNG | TO PROCEED |
| (Movant) | IN FORMA PAUPERIS |

I, DANE YOUNG , declare that I am the movant in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed? Yes [ ] No [x]

   a. If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer.

   \*19232 b. If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received.

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession or form of self-employment? Yes [ ] No [x]

   b. Rent payments, interest or dividends? Yes [ ] No [x]

   c. Pensions, annuities or life insurance payments? Yes [ ] No [x]

   d. Gifts or inheritances? Yes [ ] No [x]

   e. Any other sources? Yes [ ] No [x]

   If the answer to any of the above is "yes," describe each source of money and state the amount received from each during the past twelve months. ___

3. Do you own any cash, or do you have money in a checking or savings account?

   Yes [ ] No [x] (Include any funds in prison accounts)

   If the answer is "yes," state the total value of the items owned. ___

4. Do you own real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

   Yes [ ] No [X]

   If the answer is "yes," describe the property and state its approximate value. ___

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.
   AAliyah D. Young (daughter) Armand K. Young (son) unable to contribute

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  11/22/04  .
(date)

_____
Signature of Movant

CERTIFICATE

I hereby certify that the movant herein has the sum of $ 1.57 on account to his credit at the MCH institution where he is confined.

I further certify that movant likewise has the following securities to his credit according to the records of said _____ institution: McRAE CORRECTIONAL FACILITY

_____
Authorized Officer of Institution